# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMAS TRUJILLO, d.b.a. Carmelitas Original Salsas,<br><br>Plaintiff<br><br>v.<br><br>INTERMEX PRODUCTS USA, LTD, et al.,<br><br>Defendants | CASE NO. 1:18-CV-1476 AWI BAM<br><br>ORDER ON DEFENDANTS' MOTION TO DISMISS<br><br>(Doc. No. 8) |

This is a contract dispute between Plaintiff and Defendants regarding the sale of produce. Defendants removed this matter from the Stanislaus County Superior Court on the basis of diversity jurisdiction. Currently before the Court is Defendants' Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, or in the alternative Rule 12(b)(3) motion to dismiss for improper venue, or further in the alternative motion to transfer venue under 28 U.S.C. § 1404(a) to the Northern District of Texas. For the reasons that follow, the Court will grant Defendants' Rule 12(b)(3) motion to dismiss and close this case.

## BACKGROUND

From the Complaint, Trujillo does business as Carmelitas Original Salsas and Tomas Foods in Santa Clara, California. Trujillo has been a co-packer of produce for "private labels" for over ten years. In that time, he has cultivated business relationships with premier food distributors, i.e. Vendors, throughout the United States. Defendant Intermex Products USA ("Intermex"), which is a Texas entity, was aware Trujillo's relationships with the Vendors. Intermex solicited Trujillo to supply him produce, which would then be supplied to the Vendors.

In late 2015/early 2016, Trujillo placed an order for produce with Defendants. Defendants Juan Lorenzo and Diego Lorenzo requested a meeting with Trujillo, and the three later met in San Diego, California. The Lorenzos represented their ability to satisfy future orders of produce in substantial quantities. In January 2016, Trujillo entered into a contract with Defendants whereby Defendants agreed to sell Trujillo chipotles, whole and crushed tomatillos, jalapenos, and sauces.

Within six months of the contract, Trujillo ordered and paid for $675,000 in produce, which was shipped to a warehouse in Texas. However, in June 2016, a substantial load of jalapenos was rejected by the United States Food and Drug administration because the jalapenos contained an insecticide that was potentially harmful to humans. Further, by late Summer 2016, Trujillo became aware of serious defects regarding the canned tomatillos. One Vendor complained that a shipment of canned whole tomatillos was unmerchantable. The whole tomatillos had been improperly canned, had low tomatillo content, and were watery, discolored, rotten, and foul smelling.

By September 2016, Trujillo raised concerns to Diego Lorenzo, but Diego allegedly gave false assurances. Trujillo attempted to meet with Defendants in Southern California, but Defendants refused. Defendants refused to participate in testing the produce, falsely represented the existence of certain production records, and asserted that Trujillo's claims about the defective condition of the produce were false. Defendants refused to accept responsibility for the condition of the produce and offered to return only a fraction of the $625,000 they had received from Trujillo. After Trujillo advised that he was going to liquidate all produce to cover losses, Defendants offered to pay about $172,000.00, permit Trujillo to pursue all other claims for damages, and indemnify Trujillo from any claims by third parties.

In support of the motion to dismiss, Diego Lorenzo declared in relevant part that: (1) Intermex is organized under the laws of Delaware and has its principle place of business in Grand Prairie, Texas, while Defendant Peppers Unlimited, Inc. is a Texas corporation with its principle place of business in Grand Prairie, Texas; (2) produce for Trujillo was shipped by Defendants to Trujillo's warehouse in Laredo, Texas; (3) Trujillo took possession of the produce in Laredo; (4) Defendants did not ship the produce for Trujillo into California; (5) the allegedly USDA rejected

jalapenos were sent back to Mexico and were not sent to California; (6) Peppers repurchased a substantial amount of its product back from Trujillo and transported the produce from Laredo to Grand Prairie, Texas; and (7) a majority of the repurchased produce was resold to other buyers by Peppers.

In opposition to the motion to dismiss, Trujillo declares in part: (1) his principle place of business is San Martin, California; (2) in May and June 2017, Defendants shipped 271 pallets of produce to Peppers Unlimited's facility in Mira Loma, California; and (3) Trujillo personally communicated with a Peppers Unlimited employee located in Ontario, California.

## **LEGAL FRAMEWORK**

Federal Rule of Civil Procedure 12(b)(3) allows a defendant to move for dismissal of the case on the basis of improper venue. See Fed. R. Civ. P. 12(b)(3). The plaintiff bears the burden of showing that venue is proper in the chosen district. Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir.1979); Omnicell, Inc. v. Medacist Solutions Group, LLC, 272 F.R.D. 469, 472 (N.D. Cal. 2011); Koresko v. Realnetworks, Inc., 291 F.Supp.2d 1157, 1160 (E.D. Cal. 2003). In deciding a Rule 12(b)(3) motion, the pleadings need not be accepted as true and the court may consider supplemental written materials and facts outside of the pleadings. See Doe 1 v. AOL, LLC, 552 F.3d 1077, 1081 (9th Cir. 2009); Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1337 (9th Cir. 2004); Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996). If there are contested factual issues, the court is obligated to draw all reasonable inferences and resolve the factual conflicts in favor of the non-moving party. Murphy, 362 F.3d at 1138. Alternatively, the district court may hold a pre-trial evidentiary hearing on the disputed facts or may deny the motion with leave to re-file if further development of the record would eliminate any genuine factual issues. Id. at 1139. When there are multiple parties and/or multiple claims in an action, the plaintiff must establish that venue is proper as to each defendant and as to each claim. Pacer Global Logistics, Inc. v. AMTRAK, 272 F.Supp.2d 784, 788 (E.D. Wis. 2003); Bearse v. Main St. Invs., 170 F.Supp.2d 107, 116 (D. Mass. 2001); McCaskey, 133 F.Supp.2d at 523; American Homecare, 27 F.Supp.2d at 112; Hickey v. St. Martin's Press, 978 F.Supp. 230, 240-41

(D. Md. 1997); Payne v. Marketing Showcase, Inc., 602 F.Supp. 656, 658 (N.D. Ill. 1985); Eaby v. Richmond, 561 F.Supp. 131, 140 (E.D. Pa. 1983); see also Gatz v. Ponsoldt, 271 F.Supp.2d 1143, 1160 (D. Neb. 2003); Koh v. Microtek Int'l, Inc., 250 F.Supp.2d 627, 630 (E.D. Va. 2003). Where venue is improper, the district court has the discretion to dismiss the case under Rule 12(b)(3) or transfer the case in the interests of justice to an appropriate jurisdiction under 28 U.S.C. § 1406(a). See Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir. 1993); King v. Russell, 963 F.2d 1301, 1304 (9th Cir. 1992); Kawamoto v. CB Richard Ellis, Inc., 225 F.Supp.2d 1209, 1212 (D. Haw. 2002). "A determination of improper venue does not go to the merits of the case and therefore must be without prejudice." In re Hall, Bayoutree Assocs., Ltd., 939 F.2d 802, 804 (9th Cir. 1991).

## DEFENDANTS' MOTION[1]

*Defendants' Argument*

Defendants argue *inter alia* that venue is not appropriate in this court. No defendant resides in this district, the alleged acts that give rise to this case occurred in Texas, the produce that was allegedly defective is either in Texas or was shipped back to Mexico, and this case could have been filed in the Northern District of Texas. Thus, this case does not meet the requirements of the general venue statute.

*Plaintiff's Opposition*

Trujillo argues *inter alia* that venue is proper because a substantial part of the events that gave rise to the events of the lawsuit occurred in California or Mexico. Alternatively, Trujillo states that he would not object to a transfer of this case to the Southern District of California because that is where the contract at issue was negotiated.

*Legal Standard*

The general federal venue statutes reads:

---

[1] Because a Rule 12(b)(3) motion does not go to the merits of a dispute, and given the resolution of the Rule 12(b)(3) motion, the Court will not address Defendants' Rule 12(b)(2) or 28 U.S.C. § 1404 arguments. However, the Court notes that Trujillo's opposition is confusing. At times, Trujillo states that no personal jurisdiction exists, but then argues that jurisdiction does exist. It appears that Trujillo's counsel has attempted to fashion an old 12(b)(2) motion into an opposition. The Court cautions Trujillo's counsel to carefully review any future filings in federal court.

4

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For purposes of § 1391(b)(1), if a state has multiple federal judicial districts, a corporate defendant "resides" in "any judicial district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state . . . ." 28 U.S.C. § 1391(d); Denari v. U.S. Dry Cleaning Servs. Corp., 2017 U.S. Dist. LEXIS 99792, *8 (E.D. Cal. June 27, 2017); Lindora, LLC v. Isagenix Int'l, LLC, 198 F.Supp.3d 1127, 1146 (S.D. Cal. 2016). Whether venue is proper under § 1391(b)(2) "depends only on the events surrounding [the plaintiff's] claims." Bozic v. United States Dist. Ct., 888 F.3d 1048, 1054 (9th Cir. 2018). Under § 1391(b)(2), "significant events or omissions material to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere." Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353, 357 (2d Cir. 2005); Technology Credit Corp. v. N.J. Christian Acad., Inc., 307 F.Supp.3d 993, 1002 (N.D. Cal. 2018); Samson Tug & Barge Co. v. Koziol, 869 F.Supp.2d 1001, 1015 (D. Alaska 2012). "[V]enue may be proper in multiple districts if a 'substantial part' of the underlying events took place in each of those districts." Gulf Ins. Co., 417 F.3d at 356; Technology Credit, 307 F. Supp. 3d at 1002. Finally, venue under § 1391(b)(3) "applies only if there is no district where venue lies under § 1391(b)(1) or (b)(2)." Bozic, 888 F.3d at 1054.

*Discussion*

Trujillo has not established that venue in the Eastern District of California ("EDCA") is proper under § 1391(b)(1). First, it appears that Defendants Diego Lorenzo and John Branch are citizens of Texas. See Doc. No. 2 at ¶ 8. Thus, they are domiciles of Texas, see Kanter v. Warner-Lambert, 265 F.3d 853, 857 (9th Cir. 2001) (explaining that a natural person's citizenship is determined by that person's domicile), and would not "reside" in California under § 1391. See 28 U.S.C. § 1391(c)(1) (natural persons "reside" in the judicial district in which they are

5

domiciled for purposes of § 1391). Thus, not all Defendants "reside" in California. Second, because California has four federal judicial districts, Trujillo was obligated to produce evidence that shows the EDCA could exercise personal jurisdiction over the corporate Defendants. See 28 U.S.C. § 1391(d). The only evidence produced by Trujillo is that Peppers Unlimited has a facility in Mira Loma, California and might have an office and/or agent for service of process in Phillips Ranch, California. See Doc. No. 9-1 at ¶ 14; Doc. No. 9-2 at Ex. A. Mira Loma is located in Riverside County, California and Phillips Ranch is located in Los Angeles County, California. Neither Riverside nor Los Angeles Counties are located within the EDCA. Further, neither the Complaint's allegations nor declarations (including exhibits) indicate that any conduct related to this lawsuit occurred within the EDCA. There is nothing before the Court that adequately indicates that the EDCA could exercise either specific jurisdiction or general jurisdiction over the corporate Defendants. See Ranza v. Nike, Inc., 793 F.3d 1059, 1068-69 (9th Cir. 2015) (discussing requirements for both general and specific jurisdiction). Because there is nothing to indicate that any Defendant "resides" in the EDCA, Trujillo has failed to show that venue is appropriate in the EDCA under § 1391(b)(1).

Trujillo has also failed to show that a substantial portion of the events that gave rise to this lawsuit occurred within the EDCA. Trujillo's opposition addresses a meeting that occurred in San Diego, which is in the Southern District of California. As discussed above, Trujillo has identified a location in which Peppers Unlimited stores produce, but that location is outside of the EDCA in Mira Loma,[2] and has also identified an agent for service of process in Phillips Ranch, which is outside of the EDCA. Further, while it might be inferred that Trujillo's business has suffered damage, his declaration indicates that his business is located in San Martin, California. San Martin, California is located in Santa Clara County, California, which is located in the Northern District of California. The Court cannot detect any conduct relevant to the claims in this case that occurred in the EDCA, let alone conduct or events that could be considered "substantial."

---

[2] Additionally, there is no evidence that any of the allegedly unmarketable produce in question went to Mira Loma, especially since the unmarketable produce was received 2016 and Trujillo's evidence indicates that produce went to Mira Loma in May/June 2017.

6

Therefore, Trujillo has failed to show that venue is proper under § 1391(b)(2). See Bozic, 888 F.3d at 1053-54 (finding that venue was not established under § 1391(b)(2) where no conduct occurred in the judicial district where suit was filed).

Finally, venue under § 1391(b)(3) is appropriate only when venue is not appropriate under § 1391(b)(1) or § 1391(b)(2). See id. Trujillo does not explain how § 1391(b)(3) would apply to make venue proper in the EDCA. Indeed, given Trujillo's concession that a transfer to the Southern District of California would not be objectionable because the contract at issue was negotiated in San Diego, Trujillo appears to argue that a substantial portion of the events giving rise to this lawsuit occurred in the Southern District of California. That is, Trujillo's briefing suggests that he believes venue in the Southern District of California would be proper under § 1391(b)(2). If that is the case, then § 1391(b)(3) has no application. Given the absence of an express argument regarding the application of § 1391(b)(3), as well as the positions that have been advanced by Trujillo, there is no basis to apply § 1391(b)(3).

In sum, Trujillo has not met his burden of establishing venue in the EDCA under any provision of § 1391(b). The parties have suggested that the Court can transfer this case to different districts – Trujillo suggests the Southern District of California, while Defendants suggest the Northern District of Texas. It appears to the Court that there are at least reasonable arguments that venue would be proper under § 1391(b)(2) in both districts.[3] In the absence of an agreement by the parties to transfer this case to another federal judicial district, and because the Court cannot clearly tell the propriety of the proposed districts, the Court finds that the best course is to dismiss this case without prejudice to refiling in another district.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' Rule 12(b)(3) motion to dismiss is GRANTED;
2. Defendants' Rule 12(b)(2) and 28 U.S.C. § 1404 motions are DENIED as moot;

---

[3] Given that Defendant Juan Carlos Lorenzo is represented to be a citizen of Mexico, see Doc. No. 2 at ¶ 8, it is doubtful that he "resides" in Texas for purposes of § 1391(b)(1).

7

3.  This case is DISMISSED with leave to refile in any federal judicial district in which venue is proper; and

4.  The Clerk shall CLOSE this case.

IT IS SO ORDERED.

Dated: ___December 12, 2018___  _____
SENIOR DISTRICT JUDGE